IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00557-BO-KS

|  |  |  |
|---|---|---|
| LATOSHA A. WARD,<br>        Plaintiff,<br><br>v.<br><br>TONY E. WARD, SR., KELLY HOPE,<br>BLACK MEADOWS HOMEOWNERS<br>ASSOCIATION, NATIONSTAR<br>MORTGAGE, LLC, *d/b/a* MR. COOPER,<br>USAA,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | O R D E R |

This *pro se* matter comes before the Court on twenty-eight separate motions. For the following reasons, the motions will be variously granted and denied, and this case is dismissed.

BACKGROUND

Plaintiff Ward is proceeding in this matter *pro se*. Plaintiff alleges, over three separate complaints [DE 1, 6, *and* 10] that the named defendants "through unlawful and illegal organized coordinated efforts and actions consistently over a 3 year history of the Defendants… to conspire to injure, oppress, threaten, or intimidate…" [DE 10 at 4]. She alleges that the Defendants have "Obstruct Justice of the Plaintiff's private accounts by Tampering with including but not limiting federal records, property tax records, mortgage," which has caused her to "suffer[] extensive irreversible damages" and placed her in "jeopardy of losing her federal Secret Clearance, Trusted Clearance, and work from home job." [*Id.*]

Plaintiff claims that these actions have violated consumer protection laws, deprived of her of her rights [DE 6 at 2], and led to millions of dollars in damages [*Id.* at 4].

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## I. Defendant Tony Ward, Sr.'s Motion to Dismiss [DE 14]

Defendant Tony Ward has filed a *pro se* motion to dismiss, and attached to his motion documents supporting his arguments. [DE 14]. He identifies numerous potential issues with the case, including a possible lack of subject matter jurisdiction and the entry of a state court judgment governing the outcome of this matter. [*Id.* at 2]. He contends that he was previously married to the Plaintiff, who, after the finalization of their divorce, has filed numerous suits and papers in Wake County District Court seeking to harass him to obtain more of his property. [*Id.*]

Most relevantly, he argues that this Court lacks subject matter jurisdiction over him as a Defendant because this is a domestic case and there is a lack of diversity between the parties. While Mr. Ward's filings do not include citations, his statement of the law is correct. The domestic relations abstention doctrine counsels that federal courts should generally abstain from hearing core domestic matters, such as child custody, divorce, and child support. *See Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980). Further, 28 U.S.C. § 1332 provides for diversity jurisdiction only when there is complete diversity between the parties and the amount in controversy exceeds $75,000. In Plaintiff's complaint, she lists a North Carolina address for both herself [DE 6 at 1] and Defendant Ward [DE 6-2 at 4]. For reasons of both diversity and domesticity, this Court lacks subject matter jurisdiction over Defendant Ward.

Plaintiff Ward's contention that federal question jurisdiction exists is unavailing. [DE 17]. As the unanimous Supreme Court recently stated, "the determination of jurisdiction is based only on the allegations in the plaintiff's well-pleaded complaint," and thus "[i]f the complaint presents no federal question, a federal court may not hear the suit." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Though Plaintiff stridently insists that this case is one "arising under the Constitution, laws, or treaties" of the United States, 28 U.S.C. § 1331, a federal court is not bound by the parties' characterization of the case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of justice." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334–35 (E.D.N.C. 1992).

"The mere mention of a federal statute in a complaint does not create federal-question jurisdiction." *Blackstock v. Magnolia Health Care*, 2018 WL 541759, at *2 (D. S.C. 2018) (citing *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994)). Rather, federal-question jurisdiction requires that a party assert a substantial federal claim. *Hagans v. Lavine*, 415 U.S. 528, 536 (1976); *see also Baker v. Carr*, 369 U.S. 186, 199 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

Here, the Plaintiff has alleged no facts that support a legitimate inference of a federal question existing in this case. As a result, this court has no grounds to exercise jurisdiction. Accordingly, Defendant Ward's motion to dismiss will be granted.

## II. Defendants Blackstone Meadows Homeowners' Association and Kelly Hope's Motions to Dismiss [DE 26 and 28]

Defendants Blackstone Meadows HOA and Kelly Hope have filed motions to dismiss under Rule 12(b)(6). While neither of them raises issues of jurisdiction, this Court has an "independent obligation" to investigate the limits of its subject matter jurisdiction whenever that jurisdiction is "fairly in doubt." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 671 (2009). This applies even when the parties "either overlook or elect not to press" the issue. *Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011).

The same issue identified by *pro se* Defendant Mr. Ward also applies to Defendants Blackstone and Kelly Hope—the addresses identified by Plaintiff Ward place both Blackstone [DE 6 at 4] and Kelly Hope [DE 6 at 2] squarely within North Carolina. There is no diversity of citizenship between these parties adequate to create jurisdiction. And, as before, Plaintiff Ward's attempts to invoke federal question jurisdiction by repeatedly citing to federal statutes and rules are not sufficient. This Court therefore lacks subject matter jurisdiction over Defendants Blackstone Meadows HOA and Kelly Hope, and their motions to dismiss must be granted.

### III. Defendants Nationstar Mortgage and USAA's Motions to Dismiss [DE 32 and 38]

However, the lack of subject matter jurisdiction over some of the named Defendants is not independently adequate to dismiss the case entirely. "In an action in which multiple defendants are involved and diversity exists as to some of the defendants, but not others, the court is cautioned to use its discretion "to dismiss nondiverse defendants in order to cure jurisdictional defects, instead of the entire case." *Wisconsin Dep't of Corrections v. Schacht*, 542 U.S. 381, 388 (1998) (citing Fed. R. Civ. P. 21). As both USAA and Nationstar Mortgage are not located in North Carolina, the Court considers directly their motions to dismiss under Rule 12(b)(6) [DE 32 and 38].

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court

4

to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The Court has reviewed Plaintiff's filings—both the initial complaints and later responses to motions to dismiss—and can make out no allegations of fact plausibly entitling her to relief. Indeed, in none of her three complaints does the Plaintiff make any specific allegations of any conduct undertaken by any defendant. [DE 1 at 4, DE 6 at 4, DE 10 at 4]. Where Plaintiff does include factual allegations, she does not name specific defendants and simply says "[t]he defendant." [DE 1 at 5]. In a case with five defendants, these bare-bones allegations do not "give [the] defendant[s] fair notice of the what the plaintiff's claim is and the grounds upon which it rests." *Papania v. United States*, 715 F. Supp. 3d 789, 801 (E.D. Va. 2024). Accordingly, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6).

[ REMAINDER OF PAGE INTENTIONALLY BLANK ]

CONCLUSION

This Court lacks subject matter jurisdiction over several of the named Defendants in this case, and where jurisdiction may be properly exercised, Plaintiff's allegations are so threadbare and wholly devoid of factual support that the Court cannot make out a claim entitling her to relief.

The Court therefore ORDERS that all present motions to dismiss [DE 14, 26, 28, 32, and 38] be GRANTED IN FULL. All other motions filed by Defendant Blackstone Meadows [DE 49], Defendant Ward [DE 51], Defendant USAA [DE 30], Defendant Nationstar [DE 19], and Plaintiff [DE 34, 44, 46, 58, 59, 60, 61, 62, 64, 72, 79, 80, 81, 83, 84, 92, 93, 94, 95, and 96] are DENIED AS MOOT.

The clerk is DIRECTED to close the case.


SO ORDERED, this ___ day of September 2025.


_TERRENCE W. BOYLE_
UNITED STATES DISTRICT JUDGE